**TROY DOUGLAS MUDFORD**....... California State Bar No. 156392
**ESTEE LEWIS**..................................California State Bar No. 268358
**CATHLEEN THERESA BARR** ....... California State Bar No. 295538
**BRANDON STORMENT**.................State Bar No. 267260
**BARR & MUDFORD, LLP**
1824 Court Street/Post Office Box 994390
Redding, California  96099-4390
Telephone:  (530) 243-8008
Facsimile:  (530) 243-1648

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN ANDERSON,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC;<br>WMK, INC., dba MOBILITYWORKS;<br>FREEDOM MOBILITY, INC.; and<br>JANE or JOHN DOES 1 through 50, Inclusive,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DAMAGES**<br>(Diversity Jurisdiction/Excess of $75,000)<br><br>(**DEMAND FOR JURY TRIAL**)<br><br>**[1. Strict Product Liability]**<br>**[2. Negligence – Product Liability]**<br>**[3. Breach of Express Warranty]**<br>**[4. Breach of Implied Warranty]**<br>**[5. Negligence/Failure to Warn]** |

1.    **COMES NOW** Plaintiff, Jordan Anderson, by and through his attorneys of record, and brings this Original Complaint for Damages and Demand for Jury Trial as follows:

### OVERVIEW

2.    This action arises after Plaintiff was severely burned by the seat heating system installed in the driver's side seat of his 2011 Chevrolet Silverado K1500 LTZ, Short Box Crew Cab 1500 4WD, VIN 3GCPKTE35BG289128, (hereinafter referred to as "the subject vehicle"), on or about February 25, 2020.

3.    On said date, while Plaintiff was driving his vehicle, the seat heating system in the subject vehicle was defective, not fit for the particular purpose for which it was offered, and unreasonably dangerous because of its known propensity and/or tendency to reach dangerously

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 1
**Complaint for Damages and Demand for Jury Trial**

high temperatures that can cause full thickness burns to human skin. The risk of burns increased exponentially if the driver and/or occupant had sensory deficits below the waist such as Plaintiff did here.

4.     Plaintiff's permanent injuries could have been prevented if a properly designed and manufactured seat heating system had been utilized in the subject vehicle, or if Plaintiff had been adequately warned by any of the Defendants that the seat heating system could get hot enough to cause burn wounds resulting in permanent injury, and that the seat heating system could and should be disconnected for those, like him, with sensory deficits.

## JURISDICTION

5.     This court has jurisdiction based upon diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which is because Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6.     More specifically, Plaintiff is a citizen of California. General Motors, LLC ("GM") is a limited liability corporation formed under the laws of the State of Delaware with its principal place of business in the State of Michigan. Defendant Freedom Mobility, Inc., ("Freedom Mobility") is a corporation formed under the laws of the State of Colorado, with its principal place of business in Englewood, Colorado. WMK, LLC, dba MobilityWorks ("MobilityWorks") is a limited liability corporation formed under the laws of the State of Ohio, with its principal place of business in the State of Ohio.

7.     This Court has personal jurisdiction over the Plaintiff, Jordan Anderson, who is a resident of the State of California. Further, Plaintiff consents to such jurisdiction.

8.     This Court has personal jurisdiction over Defendants as they engage in significant business throughout the State of California, thus providing the State of California with general jurisdiction. Further, Defendants have substantial and continuing contacts with the State of California sufficient for this Court to exercise its jurisdiction over these Defendants, because,

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 2
**Complaint for Damages and Demand for Jury Trial**

among other things, (a) these Defendants regularly sell their products to California residents, (b) these Defendants regularly advertise their products in California, and/or (c) these Defendants distribute their products in California.

9.      Venue in this District is proper under 28 U.S.C. § 1391(b) because the Defendant corporations are deemed to reside in any district in which it is subject to personal jurisdiction, which would include this District.

10.      Further, the Plaintiff is a resident of the City of Redding, County of Shasta, State of California, a geographical area which falls within the boundaries of the United States District Court for the Eastern District of California.  Plaintiff consents to the venue of this Court. Finally, Plaintiff was injured while driving between Arizona and California, did not discover his injury until he was in San Diego County, California, and has received most of his treatment in Shasta County, California. As such, a substantial part of the events or omissions giving rise to this claim occurred in this State and District.

## PARTIES

11.      Plaintiff is an individual residing in the City of Redding, County of Shasta, State of California.

12.      Defendant General Motors, LLC is a limited liability corporation, licensed under the laws of the State of Delaware, with its principal place of business in Michigan, and was authorized to do business, and actually doing business, in the State of California, designing, manufacturing, marketing, advertising, distributing, and/or selling automobiles.

13.      Defendant WMK, LLC, dba MobilityWorks is a corporation licensed under the laws of the State of Ohio, with its principal place of business in Ohio, and was authorized to do business, and actually doing business, in the State of California as one of the country's largest providers of wheelchair "accessible" vehicles and/or modifications, with locations in 31 states, including California.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

14. Defendant, Freedom Mobility Inc., is a corporation licensed under the laws of the State of Colorado, with its principal place of business in Colorado. At all times pertinent hereto, Freedom Mobility Inc. was a Quality Assurance Program certified mobility upfitter by the National Mobility Equipment Dealers Association ("NMEDA"). This is a nationally recognized accreditation program for accessibility equipment installers that GM specifically directs customers to use when installing equipment on the vehicle after purchase. Freedom Mobility was purchased by MobilityWorks in 2019. On information and belief, MobilityWorks assumed Freedom Mobility's liabilities.

15. That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants JANE DOE or JOHN DOES 1 through 50 are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as JOHN DOE or JANE DOE are negligently, intentionally, or in some other manner, responsible for the events and happenings herein referred to and negligently, intentionally, or in some other manner, caused injury and damages proximately thereby to the Plaintiff as herein alleged.

16. That, at all times pertinent hereto, each of the Defendants was the agent and/or employee of each of the remaining Defendants and was acting within the purpose and scope of said agency and/or employment, and each Defendant has ratified and/or approved the acts of the remaining Defendants.

## ALLEGATIONS RELEVANT TO ALL CAUSES OF ACTION

### Facts Pertinent to GM

17. Plaintiff purchased the subject vehicle (a 2011 Chevrolet Silverado K1500 LTZ, Short Box Crew Cab 1500 4WD, VIN 3GCPKTE35BG289128) in December 2015 from the Dillon Auto Park in Boise, Idaho.

///

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

18.     Defendant GM designed, tested, manufactured, marketed, and sold the subject vehicle and its component parts, including but not limited to, the driver's seat.

19.     The driver's seat included a device, to wit: a seat heater that GM knew or should have known was extremely dangerous, particularly to individuals with a sensory deficit in the lower body, including paraplegics.

20.     Plaintiff is such a person, and Plaintiff's vehicle was equipped with said seat heating system.

21.     GM distributed this unreasonably dangerous seat into the chain of commerce.

22.     GM did not warn and/or inadequately warned persons, including Plaintiff, that the seat heater posed a risk of severe burn to paraplegics or persons with sensory deficits.

23.     On February 25, 2020, the subject vehicle's driver's seat was in the same or substantially the same condition as it was when it left the control of Defendant GM.

**Facts Pertinent to Freedom Mobility**

24.     At all times pertinent hereto, Freedom Mobility was a Quality Assurance Program mobility upfitter certified by the National Mobility Equipment Dealers Association.

25.     At all times pertinent hereto, Freedom Mobility catered to drivers with certain medical limitations, in particular wheelchair bound drivers, who required modifications to their vehicles in order to safely operate them. To that end, Freedom Mobility held itself out as an expert in this area and sold new and pre-owned modified vans for wheelchair accessibility, and recommended, customized, and installed adaptive equipment such as hand controls, turning seats, and scooter lifts for said drivers.

26.     GM's Wheelchair Mobility website specifically directed customers to use NMEDA qualified upfitters, such as Freedom Mobility:

> When having any aftermarket device installed in your vehicle, you're responsible for contacting an independent licensed accessibility equipment upfitter to have it properly installed. A good place to start is the National Mobility Equipment Dealers Association (NMEDA). They are certified through the Quality Assurance

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

Program, a nationally recognized accreditation program for accessibility equipment installers.[1]

27.     In 2018, Plaintiff was tragically injured while mountain biking and, as a consequence, is a T4 paraplegic with no sensation from the chest down.

28.     On December 4, 2018, Plaintiff had the subject vehicle modified by Freedom Mobility in Englewood, Colorado. The purpose was to have the subject vehicle upfitted so that Plaintiff could safely operate it despite his injuries. At the time, Freedom Mobility installed SureGrip Hand Controls. Later, on February 28, 2019, Freedom Mobility installed an Outrider Lift.

29.      At the time that Freedom Mobility modified the subject vehicle, it was aware, or should have been, that Plaintiff was a paraplegic who had no sensation from his chest down.

30.     Freedom Mobility knew, or should have known, that the type of seat heater in the subject vehicle was unreasonably dangerous for a paraplegic, like Plaintiff, to use or have installed in the vehicle.

31.     Despite this, Freedom Mobility failed to warn Plaintiff that the heated seats in the subject vehicle could become so hot that they could cause him to be permanently injured and sustain severe burns.

32.     Further, Freedom Mobility failed to recommend and/or offer to disconnect and/or disable the seat heating system when it performed the subject modifications.

33.     On February 25, 2020, the subject vehicle's driver's seat was in the same or substantially the same condition as it was when it left the control of Defendants Freedom Mobility and GM.

**Facts Pertinent to MobilityWorks**

34.     Freedom Mobility was purchased by MobilityWorks in October 2019.

---

[1] "General Motors Accessibility Meeting Your Needs." GMfleet.com. Accessed on February 15, 2022 at https://www.gmfleet.com/vehicles/upfit-applications/accessible-vehicles.

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

35.     On information and belief, MobilityWorks assumed the liabilities of Freedom Mobility.

36.     MobilityWorks knew, or should have known, that the type of seat heater in the subject vehicle was unreasonably dangerous for a paraplegic to use.

37.     MobilityWorks knew, or should have known, that Freedom Mobility had failed to warn their customers of the danger posed by the seat heating system or recommend or offer to disable or disconnect the seat heating system.

38.     Despite this, at no point between October 2019 and February 25, 2020 did MobilityWorks warn its customers or Freedom Mobility's customers, including Plaintiff, that the heated seats in the subject vehicle could become so hot that they could cause permanent injuries and severe burns, and that said seat heating system should be disconnected and/or disabled.

**The Subject Incident**

39.     On February 25, 2020, Plaintiff was driving the subject vehicle from Sedona, Arizona to San Diego, California, an eight-hour trip.

40.     At all times pertinent hereto Plaintiff was operating the subject vehicle in a foreseeable manner.

41.     At some point during the trip, the seat heater came on. Plaintiff, due to his condition and concomitant sensory deficits, was unaware that his seat had heated beyond the point of human tolerance. Although he smelled something burning, he attributed it to the overheated brakes of the semi-truck in front of his vehicle, which was negotiating a steep grade.

42.     Plaintiff stopped for fuel in Yuma, Arizona.  To transfer from the subject vehicle to his wheelchair, Plaintiff placed his fist on the seat for support, only to discover that it was so hot that it burned his hand to a degree that it continued to be painful and inflamed for the remainder of the drive. This alarmed him, but he did not realize the lower half of his body was harmed. He checked the underside of his legs but didn't see any redness. He turned off the seat

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 7
**Complaint for Damages and Demand for Jury Trial**

heater and waited for it to cool down before transferring back to the driver's seat and continuing his trip.

43.     Plaintiff continued to his residence in San Diego, California, and that night, when he undressed to prepare for bed, he discovered a significant and severe burn on his buttocks.

44.     The burn and the injuries associated with the burn have permanently injured Plaintiff, and has caused him to require medical care, including the services of hospital, clinic, physicians, nurses, therapists, technicians, medical supplies, and medication. It also caused Plaintiff to lose income and reduced his future earning capacity.

45.     The subject vehicle's driver's seat was defective and unreasonably dangerous at the time it left Defendant GM and Freedom Mobility's control.

46.     All of the named Defendants in this action failed to use ordinary care to provide Plaintiff and other users with an adequate warning of the dangers associated with the seat heating system in the subject vehicle— namely, that the seat had the propensity to become so hot that it could cause full thickness burns to the skin resulting in serious and permanent injury.

**FIRST CAUSE OF ACTION**
**(Strict Product Liability)**
**(As to Defendant GM and Does 1-25)**

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

47.     Defendant GM manufactured, designed, and/or sold the subject vehicle.

48.     On information and belief, or about February 25, 2020, the subject vehicle's seat heating system was in the same or substantially same condition as when it left GM's control.

49.     On or about February 25, 2020, the subject vehicle was being used by Plaintiff for the purpose(s) for which it was intended, or in a manner that was reasonably foreseeable by Defendant GM.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 8
**Complaint for Damages and Demand for Jury Trial**

50.    At all times pertinent hereto, it was entirely foreseeable to, and well known by, Defendant GM that burn injuries like the one that occurred herein would take place in the ordinary and foreseeable use of the vehicle, especially where the driver, like here, has sensory deficits.

51.    The subject vehicle was defectively designed, manufactured, marketed, and/or distributed, and it was unreasonably dangerous because:

      a.    The seat heating system generated dangerously high temperatures which could produce serious burn injuries to a person using the heater, especially if the user has sensory deficits below the waist, such as Plaintiff;

      b.    The seat heating system did not perform as safely as an ordinary consumer would have expected it to perform when used or misused in an intended and reasonably foreseeable way, and it was foreseeable that the user of the vehicle could have sensory deficits below the waist, such as Plaintiff;

      c.    The seat heater had not been adequately tested and/or inspected before it was distributed and sold;

      d.    The seat heating system lacked an adequate safeguard and devices to prevent it from reaching unsafe temperatures; and

      e.    The warnings and instructions fail to adequately warn or instruct consumers about the hazards associated with the seat heating system.

52.    No aspect of the subject vehicle's seat heating system design and/or warnings relating to the seat heating system comply with any mandatory safety standards or regulations adopted or promulgated by the federal government, or an agency of the federal government, that were applicable to the seat heating system design and/or warnings at the time the product was manufactured that caused the injuries and damages to Plaintiff.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

53.     In the alternative, any existing federal standards or regulations which may generally apply to the seat heating system design or warnings were inadequate to protect consumers like Plaintiff.

54.     Further, on information and belief, the subject vehicle's seat heating system reached temperatures that far exceeded GM's own internal standards (excess of 110°F), reaching temperatures up to 150°F.

55.     Additionally, GM actively markets the conversion capabilities of its products to the disabled community with financial incentives and promises "peace of mind." GM specifically directs its customers with mobility challenges to use upfitters certified by the National Mobility Equipment Dealers Association, which Plaintiff did in 2018, when he had his vehicle modified due to injuries he had sustained.

56.     On information and belief, GM did not adequately warn the mobility upfitters, with whom it works closely, of the seat heater hazard to the disabled, nor did it instruct them to disconnect or disable the seat heaters or offer a technologically available and feasible alternative design to prevent serious injury.

57.     Vehicle seat heaters have been installed in automobiles beginning in the 1970s. Since that time, automobile manufacturers have recognized the potential for seat heating systems to cause serious burns to occupants, particularly those with lower body sensory deficits like Plaintiff.

58.     Prior to February 25, 2020, there were technologically and economically feasible safer alternative designs and warnings, including 1) setting the maximum temperature of the seat heater within human heat tolerance; 2) including automatic timed shut-off switches; 3) including systems that shut automatically once the cabin temperature or surface temperature reaches a certain temperature; 4) including a warning light or other adequate warning system to signal when the heater is ON so drivers or occupants with impaired sensation are aware the heating

**Complaint for Damages and Demand for Jury Trial**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

system has been activated. Some of these designs have been in use since the 1980s which is well before the subject vehicle was designed, produced, and released to the marketplace in 2011.

59.     These safer designs and warnings would have prevented or significantly reduced the risk of injury to Plaintiff without substantially impairing the utility of the product and increasing the risk of other injuries.

60.     At no time did Plaintiff know, or have reason to suspect, that the seat heating system in the subject vehicle was unreasonably dangerous, nor would this risk be recognized by the ordinary consumer.

61.     The defective and unreasonably dangerous seat heating system design and warnings were a producing cause of Plaintiff's injuries and the damages to Plaintiff.

62.     Defendant GM is strictly liable to Plaintiff because it placed on the market and into the stream of commerce this unreasonably dangerous and defective product knowing that it would reach consumers without substantial change in the condition in which it was sold and that, at the time of the sale, the subject vehicle was defective and in an unreasonably dangerous condition because the heated seats had the propensity to reach temperatures that would severely burn those sitting in the seat.

63.     As a direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff was severely burned, and in treating the burn and subsequent infections due to the burn, has been forced to hire physicians and surgeons and undergo other and further expense as and for his medical care, all in an amount which cannot yet be ascertained.

64.     As a direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff sustained physical injuries, including, but not limited to, severe burns and subsequent infections due to the burn, as well as attendant emotional distress, pain, and suffering, that would normally stem from an incident and injury such as this, all in an amount which cannot yet be ascertained.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 11
**Complaint for Damages and Demand for Jury Trial**

65.     As a further direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff lost wages and/or other income and has been greatly reduced in his working capacity.  Plaintiff is informed and believes and, on such information, and belief states, that this said loss of wages and reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

66.     Finally, GM's conduct showed complete indifference to or conscious disregard for the safety of others, particularly the class of individuals who have sensory deficits, justifying the imposition of punitive damages in an amount sufficient to punish GM and to deter GM and others from like conduct.

67.     Plaintiff is informed and believes and thereon alleges that Defendant is in some other way responsible for acts and/or omissions of which Plaintiff is unaware.  Plaintiff will seek leave of Court to amend this Complaint for Damages at such time as Plaintiff discovers the other acts and/or omissions of said Defendant giving rise to further liability.

**SECOND CAUSE OF ACTION**
**(Negligent Product Liability)**
**(As to Defendant GM and Does 1-25)**

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

68.     Defendant GM manufactured, designed, and/or sold the subject vehicle.

69.     On or about February 25, 2020, the subject vehicle was being used by Plaintiff for the purpose(s) for which it was intended, or in a manner that was reasonably foreseeable by Defendant GM.

70.     At all times pertinent hereto, it was entirely foreseeable to and well known by Defendant GM, that burn injuries like the one that occurred herein would take place in the ordinary and foreseeable use of the vehicle, especially where the driver, like here, has sensory deficits.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

71.     At all times pertinent hereto, GM had a duty to exercise ordinary care as a designer and manufacturer of automobiles in safely designing, manufacturing, and marketing seat heating system designs that were not defective and/or unreasonably dangerous for their foreseeable use.

72.     GM breached its duty of care by:

a.      failing to adequately monitor the performance of its prior model seat heating system designs and warnings in vehicles in the field to ensure that they were reasonably minimizing seat burn injuries and deaths;

b.      designing or distributing the vehicle model with a seat heating system design that was intended to meet the minimum and inadequate government regulations, instead of safely designing the seat heating system design and warnings to reasonably minimize burn injuries and deaths;

c.      failing to adequately test the model seat heating systems and warnings to ensure they reasonably minimized burns; and

d.      failing to recall, retrofit, or issue a post-sale warning after GM knew, or should have known, that the product was defectively designed and marketed, pursuant to 49 U.S.C.A. 30118(c).

73.     Due to GM's negligence, the subject vehicle was defectively designed, manufactured, marketed, and/or distributed, and it was unreasonably dangerous because:

a.   The seat heating system generated dangerously high temperatures which could produce serious burn injuries to a person using the heater;

b.   The seat heating system did not perform as safely as an ordinary consumer, including Plaintiff, would have expected it to perform when used or misused in an intended and reasonably foreseeable way;

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

c.     The seat heating system lacked an adequate safeguard and devices to prevent it from reaching unsafe temperatures; and

d.     The warnings and instructions fail to adequately warn or instruct consumers about the hazards associated with the seat heating system.

74.    No aspect of the vehicle's seat heating system design and/or warnings comply with any mandatory safety standards or regulations adopted or promulgated by the federal government, or an agency of the federal government, that were applicable to the seat heating system design and/or warnings at the time the product was manufactured that caused the injuries and damages to Plaintiff.

75.    In the alternative, any existing federal standards or regulations which may generally apply to the seat heating system design or warnings were inadequate to protect consumers like Plaintiff.

76.    Further, on information and belief, the subject vehicle's seat heating system reached temperatures that far exceeded GM's own internal standards (excess of 110°F), reaching temperatures of up to 150°F.

77.    Additionally, GM actively markets the conversion capabilities of its products to the disabled community with financial incentives and promises "peace of mind." GM specifically directs its customers with mobility challenges to use upfitters certified by the National Mobility Equipment Dealers Association, which Plaintiff did in 2018, when he had his van converted.

78.    On information and belief, GM did not adequately warn the mobility upfitters, with whom it works closely, of the seat heater hazard to the disabled, nor did it instruct them to disconnect seat heaters, or offer a technologically available and feasible alternative design to prevent serious injury.

///

**Complaint for Damages and Demand for Jury Trial**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

79.     GM further failed to install technologically and economically feasible safer alternative designs and/or warnings, such as those set forth in paragraph 58 above, which would have prevented or significantly reduced the risk of injury to Plaintiff without substantially impairing the utility of the product and increasing the risk of other injuries.

80.     At no time did Plaintiff know, or have reason to suspect, that the seat heating system in the subject vehicle was unreasonably dangerous. Nor would this risk be recognized by the ordinary consumer.

81.     The defective and unreasonably dangerous seat heating system design and warnings were a producing cause of Plaintiff's injuries and the damages to Plaintiff.

82.     As a direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff was severely burned, and in treating the burn and subsequent infections, has been forced to hire physicians and surgeons and undergo other and further expense as and for his medical care, all in an amount which cannot yet be ascertained.

83.     As a direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff sustained physical injuries including, but not limited to, severe burns and subsequent infections, as well as attendant emotional distress, pain, and suffering that would normally stem from an incident and injury such as this, all in an amount which cannot yet be ascertained.

84.     As a further direct, proximate, immediate, and foreseeable result of the defective seat heating system, Plaintiff lost wages and/or other income and has been greatly reduced in his working capacity.  Plaintiff is informed and believes and, on such information, and belief states that this said loss of wages and reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

85.     Finally, GM's conduct showed complete indifference to or conscious disregard for the safety of others, particularly the class of individuals who have sensory deficits, justifying

**BARR & MUDFORD**
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

the imposition of punitive damages in an amount sufficient to punish GM and to deter GM and others from like conduct.

86.   Plaintiff is informed and believes and thereon alleges that Defendant is negligent or in some other way responsible for acts and/or omissions of which Plaintiff is unaware. Plaintiff will seek leave of Court to amend this Complaint for Damages at such time as Plaintiff discovers the other acts and/or omissions of said Defendant giving rise to said negligence.

### THIRD CAUSE OF ACTION
### Breach of Express Warranty
### (As to Defendant GM and Does 1-25)

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

87.   In providing the subject vehicle for sale and use by consumers, a class of persons including Plaintiff, GM presented, and thereby expressly warranted, the Chevrolet Silverado was safe when used for its intended purposes and/or its reasonably foreseeable misuses.

88.   GM breached that express warranty by not ascertaining that the Chevrolet Silverado was, in fact, safe for its intended purpose and/or its reasonably foreseeable misuses.

89.   Further, GM failed to warn members of the general public and users of their product that the Chevrolet Silverado was unsafe when used for its intended purpose and/or its reasonably foreseeable misuses.

90.   At all times pertinent hereto the subject vehicle was in a dangerous and defective condition and was not safe for its intended purposes and/or its reasonably foreseeable misuses because the heated seats had the propensity to reach temperatures that could severely burn occupants.

91.   Plaintiff was a foreseeable user of the subject vehicle's driver's seat and was using it in a reasonably anticipated and/or intended manner at the time he was injured.

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 16
Complaint for Damages and Demand for Jury Trial

92.     As a direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff was severely burned, and in treating the burn and subsequent infections, has been forced to hire physicians and surgeons and undergo other and further expense for his medical care, all in an amount which cannot yet be ascertained.

93.     As a direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff sustained physical injuries including, but not limited to, severe burns and subsequent infections as well as attendant emotional distress, pain, and suffering that would normally stem from an incident and injury such as this, all in an amount which cannot yet be ascertained.

94.     As a further direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff lost wages and/or other income and has been greatly reduced in his working capacity. Plaintiff is informed and believes, and on such information and belief states, that this said loss of wages and reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

95.     Finally, GM's conduct showed complete indifference to or conscious disregard for the safety of others, particularly the class of individuals who have sensory deficits, justifying the imposition of punitive damages in an amount sufficient to punish GM and to deter GM and others from like conduct.

96.     Plaintiff is informed and believes and thereon alleges that Defendant is negligent or in some other way responsible for acts and/or omissions of which Plaintiff is unaware. Plaintiff will seek leave of Court to amend this Complaint for Damages at such time as Plaintiff discovers the other acts and/or omissions of said Defendant giving rise to said negligence.

///

///

///

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

# FOURTH CAUSE OF ACTION

### Breach of Implied Warranty
### (As to Defendant GM and Does 1-25)

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

97.    In providing the Chevrolet Silverado to their customers and business invitees, a class of persons including Plaintiff, GM placed the Chevrolet Silverado under an implied warranty that it was reasonably suitable and fit for the purposes for which it was intended and for which it was ordinarily used, and/or its reasonably foreseeable misuses.

98.    GM warranted through advertisements and sales representatives that the subject vehicle, including its driver's seat, was of merchantable quality and otherwise fit for the ordinary purpose(s) for which it was sold.

99.    Further, as the engineer, designer, manufacturer, inspector, and retailer of Chevrolet Silverado vehicles and their component parts, GM represented to customers, invitees, users, and members of the general population of consumers it was knowledgeable about said vehicles and their component parts and the care, inspection, precautions, and safety measures necessary to ascertain that those vehicles and the component parts thereof were suitable, safe, and fit for their intended use and/or its reasonably foreseeable misuses.

100.    GM's customers, business invitees, and members of the general population, including Plaintiff, reasonably relied upon GM's knowledge and judgment and, based upon that reliance, believed and expected the Chevrolet Silverado would be safe when used for its intended purpose and/or its reasonably foreseeable misuses.

101.    GM breached the aforesaid implied warranty by failing to ascertain that the Chevrolet Silverado was, in fact, safe when used for its intended purposes and/or its reasonably foreseeable misuses. Further, GM failed to warn consumers and users of their products,

///

**Complaint for Damages and Demand for Jury Trial**

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

including Plaintiff, that the Chevrolet Silverado was unfit and unsafe when used for its intended purposes and/or its reasonably foreseeable misuses.

102.   In this case, the driver's seat in the subject vehicle was not of merchantable quality nor was it reasonably fit to be used for the purpose for which it was intended.

103.   More specifically, because of the defective and unreasonably dangerous design and/or manufacture of the subject vehicle more fully described above, the driver's seat could become so hot as to cause permanent injury due to severe burn wounds.

104.   The defective and/or unreasonably dangerous condition constituted a breach of Defendant GM's express and implied warranties.

105.   As a direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff was severely burned, and in treating the burn and subsequent infections, has been forced to hire physicians and surgeons and undergo other and further expense for his medical care, all in an amount which cannot yet be ascertained.

106.   As a direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff sustained physical injuries, including, but not limited to, severe burns and subsequent infections as well as attendant emotional distress, pain, and suffering that would normally stem from an incident and injury such as this, all in an amount which cannot yet be ascertained.

107.   As a further direct, proximate, immediate, and foreseeable result of the breach of warranty, Plaintiff lost wages and/or other income and has been greatly reduced in his working capacity. Plaintiff is informed and believes, and on such information and belief states, that this said loss of wages and reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

108.   Finally, GM's conduct showed complete indifference to or conscious disregard for the safety of others, particularly the class of individuals who have sensory deficits, justifying

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

the imposition of punitive damages in an amount sufficient to punish GM and to deter GM and others from like conduct.

109.   Plaintiff is informed and believes and thereon alleges that Defendant is negligent or in some other way responsible for acts and/or omissions of which Plaintiff is unaware. Plaintiff will seek leave of Court to amend this Complaint for Damages at such time as Plaintiff discovers the other acts and/or omissions of said Defendant giving rise to said negligence.

**FIFTH CAUSE OF ACTION**
**(Negligence/Failure to Warn)**
**(As to Defendants Freedom Mobility, MobilityWorks, and Does 26-50)**

Plaintiff incorporates herein by reference all preceding paragraphs of this *Complaint for Damages* as though fully set forth herein.

110.   The subject vehicle was manufactured by GM.

111.   At all times pertinent hereto GM actively marketed the conversion capabilities of its products to the disabled community with financial incentives and promised "peace of mind." GM specifically directed its customers with mobility challenges to use upfitters certified by the National Mobility Equipment Dealers Association, such as Defendants, Freedom Mobility and MobilityWorks.

112.   At all times pertinent hereto, Freedom Mobility was a NMEDA certified provider who held itself out as an expert and catered to drivers with certain physical restrictions and/or limitations, in particular wheelchair bound drivers, who required modifications to their vehicles to safely operate them.

113.   More specifically, at all times pertinent hereto, Freedom Mobility sold new and pre-owned modified vans for wheelchair accessibility; would work with its customers to find solutions that meet the customers' specific needs; would modify, adapt and refit automobiles to meet these specific needs; and would install adaptive equipment such as hand controls, turning seats, and scooter lifts for said drivers.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA 96099-4390
(530) 243-8008

114.   Freedom Mobility was subsequently purchased by MobilityWorks in 2019 who, on information and belief, assumed Freedom Mobility's liabilities.

115.   MobilityWorks is one of the country's largest providers of wheelchair "accessible" vehicles and/or modifications, with locations in 31 states, including California, and, like Freedom Mobility, was engaged in the business of modifying, adapting, or refitting automobiles for use of persons with physical limitations or restrictions, and held itself out to be an expert on finding the best solution for each customer's specific needs.

116.   On information and belief, at all times pertinent hereto, both Defendants Freedom Mobility and MobilityWorks knew, or should have known, that the Chevrolet Silverado's seat heating system was potential dangerous and created a grave risk of injury to the user of the vehicle, in particular to drivers and/or occupants who have sensory deficits in the lower extremities, such as Plaintiff. More specifically, Defendants knew, or should have known, that the seat heating system in the subject vehicle, as designed, manufactured, installed, and sold, could, and in fact did, generate dangerously high temperatures in areas of the seat which were capable of, and did in fact cause, severe burns to Plaintiff.

117.   Based on this knowledge, and reputation as being experts in this area, Defendants had a duty to use reasonable care in the inspection, supervision, testing, and recommendations made to their customers.

118.   Plaintiff hired Freedom Mobility to make modifications to the subject vehicle in 2018 and 2019 after he sustained an injury which rendered him a paraplegic. As such, Freedom Mobility was aware, or should have been aware, that Plaintiff had no sensation below his waist.

119.   At no point did Plaintiff know, or have reason to suspect, that it was dangerous for him to drive the subject vehicle due to the dangerous and defective seat heating system.

120.   Further, at all times pertinent hereto, Plaintiff relied on Defendants to find the best solution for his specific needs. The issues described herein are a specific need and issue that

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

**Complaint for Damages and Demand for Jury Trial**

should have been brought to Plaintiff's attention by Defendants Freedom Mobility and MobilityWorks, who hold themselves out as experts in this area.

121.   However, when the subject vehicle was modified in 2018, and again in 2019, Freedom Mobility breached its duty of care to Plaintiff by failing and/or neglecting to warn, inform, or notify Plaintiff of the defective and unsafe condition of the seat heating system. Defendant further breached its duty of care and acted negligently by failing to recommend that the system be unplugged and/or disabled.  Finally, Defendant breached its duty of care and acted negligently by failing to recommend an alternative solution to reduce the danger, such as one of the feasible alternative designs identified in paragraph 58 above.

122.   After MobilityWorks acquired Freedom Mobility in 2019, MobilityWorks likewise acted negligently and breached its duty of care by failing and/or neglecting to warn, inform, or notify Plaintiff of the defective and unsafe condition of the seat heating system; failing to send a recommendation that any customer with a sensory deficit in their lower extremities, including Plaintiff, have the seat heating system unplugged and/or disabled; and failing to recommend an alternative solution to reduce the danger, such as one of the feasible alternative designs identified in paragraph 58 above.

123.   As a direct, proximate, immediate, and foreseeable result of Defendants' negligence, Plaintiff was severely burned, and in treating the burn and subsequent infections, has been forced to hire physicians and surgeons and undergo other and further expense for his medical care, all in an amount which cannot yet be ascertained.

124.   As a direct, proximate, immediate, and foreseeable result of Defendants' negligence, Plaintiff sustained physical injuries including, but not limited to, severe burns and subsequent infections due to the burn, as well as attendant emotional distress, pain, and suffering that would normally stem from an incident and injury such as this, all in an amount which cannot yet be ascertained.

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 22
**Complaint for Damages and Demand for Jury Trial**

125.   As a further direct, proximate, immediate, and foreseeable result of Defendants' negligence, Plaintiff lost wages and/or other income and has been greatly reduced in his working capacity. Plaintiff is informed and believes, and on such information and belief states, that this said loss of wages and reduction in earning capacity will continue into the future in an amount which cannot yet be ascertained.

126.   Plaintiff is informed and believes and thereon alleges that Defendants are negligent or in some other way responsible for acts and/or omissions of which Plaintiff is unaware.  Plaintiff will seek leave of Court to amend this Complaint for Damages at such time as Plaintiff discovers the other acts and/or omissions of said Defendants giving rise to said negligence.

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.      General damages in excess of the minimum jurisdiction of this Court;

2.      Medical expenses according to proof;

3.      Loss of wages and working capacity, according to proof;

4.      Punitive damages as to Defendant GM, according to proof.

5.      Prejudgment interest;

6.      Costs of this suit; and

7.      Such other and further relief as this Court shall deem just.

DATED: February 23, 2022                         BARR & MUDFORD, LLP


                                                   /s/ Estee Lewis
                                                 BRANDON STORMENT
                                                 ESTEE LEWIS
                                                 Attorneys for Plaintiff

BARR & MUDFORD
Attorneys at Law
1824 Court Street
Post Office Box 994390
Redding, CA  96099-4390
(530) 243-8008

Page 23
**Complaint for Damages and Demand for Jury Trial**