**NELSON MULLINS RILEY & SCARBOROUGH LLP**
PHILIP R. COSGROVE (SBN 92564)
phil.cosgrove@nelsonmullins.com
RYAN E. COSGROVE (SBN 277907)
ryan.cosgrove@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA  90502
Telephone:	424.221.7400
Facsimile:	424.221.7499

Attorneys for Defendant
GENERAL MOTORS LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORDAN ANDERSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>GENERAL MOTORS, LLC; WMK, INC., dba MOBILITY WORKS; FREEDOM MOBILITY, INC.; and JANE or JOHN DOES 1 through 50, Inclusive,<br><br>          Defendants. | Case No.: 2:22-cv-00353-KJM-DMC<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action filed: February 23, 2022 |

WHEREAS, to facilitate the production and receipt of information during discovery in the above-captioned litigation (the "Litigation"), the parties agree and stipulate, through their respective counsel, to the entry of the following Protective Order (the "Order") for the protection of Confidential and Highly Confidential Materials (as defined herein) that may be produced or otherwise disclosed during the course of this Litigation by or on behalf of any party or non-party. The Court has been fully advised in the premises and has found good cause for its entry.

Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this Order shall govern the handling of discovery materials in the Litigation:

1.	**Applicability of Order**: This Order will be applicable to and govern the handling

of documents, depositions, deposition exhibits, deposition videos, interrogatory responses, responses to subpoenas, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from, or produced on behalf of a party in connection with the Litigation (this information hereinafter referred to as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties in this Litigation that give testimony or produce documents or other information, non-parties for purposes of Section 10, and "Designating Party" shall refer to parties whose Confidential and Highly Confidential information is disclosed in documents produced by other parties or third parties, in which case the affected party may designate such information as Confidential or Highly Confidential under this Order. "Receiving Party" shall refer to the parties in this Litigation that receive such information. "Authorized Recipient" shall refer to any person or entity authorized by Sections 11 and 12 of this Order to obtain access to Confidential Material, Highly Confidential Material, or the contents of such Material.

2. **Designation of Material**: Any party may designate Discovery Material that is in its possession, custody, or control to be produced to a Receiving Party, or Discovery Material that is produced by another party (including a third party) but qualifies for protection under this Order, as "Confidential" or "Highly Confidential" under the terms of this Order if the party in good faith reasonably believes that such Discovery Material contains non-public, confidential material as defined in Sections 3 and 4 below (hereinafter "Confidential Material" or "Highly Confidential Material").

3. **Confidential Material**: For purposes of this Order, Confidential Material is any information that a party believes in good faith to be confidential or sensitive information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, private or confidential personal information, customer information, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G) or the former Rule 26(c)(7).

4. **Highly Confidential Material**: For purposes of this Order, Highly Confidential Material is any Protected Data (defined below) and/or Confidential Material as defined in

Section 3 which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing or Designating Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

5. **Protected Data**: Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations. Protected Data constitutes highly sensitive materials requiring special protection. Designating material as Protected Data does not preclude the parties from designating that same material, as appropriate, for Confidentiality and Privilege.

6. **Designating Confidential Material, Highly Confidential Material, or Protected Data**: The designation of Discovery Material as Confidential Material, Highly Confidential Material, or Protected Data for purposes of this Order shall be made in the following manner:

   6.1 **Documents**: The parties shall label each page of a designated document as "Confidential" or "Highly Confidential" if feasible to do so. However, failure to do so shall not be considered a waiver of such designation, and shall not deem such information to not qualify as "Confidential" or "Highly Confidential." A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by written agreement of the parties or by order of the Court. Parties further to agree to abide by the producing party's designation upon notice, written or otherwise, that a party will seek appeal or other form of judicial review of an order of the Court. See 19., below.

6.2     **Deposition Transcripts. Within** thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate the transcript or sections thereof as "Confidential" or "Highly Confidential." If a designated transcript or transcript portion is filed with the Court, the designating party shall file a motion to file under seal. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential" until the expiration of the thirty-day period.

7.     **Inadvertent/Unintended Disclosure**: The inadvertent and/or unintentional failure to designate Discovery Material as Confidential or Highly Confidential does not constitute a waiver of such claim and may be remedied by prompt supplemental written notice upon discovery of any such disclosure (inadvertent or otherwise), with the effect that such Discovery Material will be subject to the protections of this Order. Designation of information or documents as "Confidential" or "Highly Confidential," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets or that such information or documents may not be entitled to further protection under the law. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Highly Confidential."

8.     **Copies**: The Receiving Party may make copies of Discovery Material, but such copies shall become Confidential Material or Highly Confidential Material to the same extent, and subject to the same protections, as the Discovery Material from which those copies were made. The Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Discovery Material has been marked with the appropriate confidentiality legend by the Producing or Designating Party. In the event that the Receiving Party receives notice in accordance with Section 7 of this Order that Discovery Material was

inadvertently or unintentionally disclosed without being designated as Confidential or Highly Confidential Material, the Receiving Party shall exercise good-faith efforts to notify the Producing Party, ensure that copies it makes of Discovery Material produced to it, and copies made by others who obtained such Discovery Material directly or indirectly from the Receiving Party, are marked with the appropriate confidentiality legend, are made available in whole or in part only to persons authorized to receive Confidential or Highly Confidential Material (as the case may be), and are at all times handled and used only in the manner that this Order permits or requires Confidential or Highly Confidential Material (as the case may be) to be handled and used.

9. **Derivative Works**: Any notes, lists, memoranda, indices, compilations prepared or based on an examination of Confidential Material or Highly Confidential Material, or any other form of information (including electronic forms), that quote from, paraphrase, copy, or disclose Confidential Material or Highly Confidential Material with such specificity that the Confidential Material or Highly Confidential Material can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Material or Highly Confidential Material from which they are made and shall be subject to all of the terms of this Order.

10. **Notice to Non-Parties**: Any party issuing a subpoena to a non-party shall enclose a copy of this Order with a request that the non-party either request the protection of this Order or notify the issuing party that the non-party does not need the protection of this Order or wishes to seek different protection.

11. **Persons Authorized to Receive Confidential Material:** Access to Protected Material shall be restricted, and may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the following persons, who agree to be bound by the terms of this Order, unless additional persons are stipulated by counsel or authorized by the Court:

    11.1    Outside counsel of record for the parties, and the administrative staff of outside counsel's firms,

| | | |
|---|---|---|
| 11.2 | In-house counsel for the parties, and the administrative staff for each in-house counsel. | |
| 11.3 | Any party in this Litigation who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this Litigation. | |
| 11.4 | Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this Litigation, but only to the extent necessary to further the interest of the parties in this Litigation, and only after executing the agreement attached hereto as Exhibit A. | |
| 11.5 | The Court and its personnel, including, but not limited to, transcription/recording services engaged by the Court or the parties during this Litigation. | |
| 11.6 | The authors or recipients of a document containing the Protected Material or a custodian or other person who otherwise know the information sought to be protected; | |
| 11.7 | In connection with their depositions, non-party witnesses in this Litigation to whom disclosure is reasonably necessary and who have signed the agreement attached hereto as Exhibit A; | |
| 11.8 | Any mediator(s) or settlement officer(s) mutually agreed upon by the parties; | |
| 11.9 | Mock trial/focus group participants provided they have signed the agreement attached hereto as Exhibit A; | |
| 11.10 | Employees of discovery or copy services, microfilming or database services, trial support firms and/or translators or other litigation support vendors who are engaged by the parties during this Litigation, but only after such service or support firm executes the agreement attached hereto as Exhibit | |

A.

12.     **Persons Authorized to Receive Highly Confidential Material:** Access to or use of any information, documents, or portions of documents marked, "Highly Confidential" shall be restricted, and may only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, solely to the persons listed in paragraphs 11.1, 11.2, 11.4, 11.5, 11.6, 11.7, and 11.8, unless additional persons are stipulated by counsel or authorized by the Court.

13.     **Agreement to Be Bound**: All persons described in paragraphs 11.4, 11.7, 11.9 and 11.10 above shall not have access to the Protected Documents without having first read, acknowledged, an agree to be bound by this Order by executing the attached Exhibit A. Each Party's counsel shall retain each such executed "Exhibit A" and shall keep a list identifying (a) all persons to whom Protected Documents have been disclosed, and (b) all Protected Documents disclosed to such persons.  Each executed "Exhibit A" shall not be made available to the Designating Party during the pendency of the litigation but shall be available for an *in-camera* inspection by the Court if good cause for review is demonstrated by the Designating Party. During the pendency of the litigation or after the termination of the litigation, subject to the attorney work product doctrine/attorney-client privilege and for good cause shown, the Court may order any party to provide to the Designating Party the list referenced above and any executed "Exhibit A".  However, each such executed "Exhibit A" and list shall be submitted to counsel for the Designating Party at the conclusion of this litigation.

14.     **Qualification of Outside Experts and Consultants**: Neither Confidential nor Highly Confidential Material shall be disclosed to any retained and/or testifying experts or consultants who are current employees of a direct competitor of any party named in the Litigation.

15.     **Use of Discovery Material**: Discovery  Material containing Confidential and/or Highly Confidential Material shall be used  solely for purposes of the Litigation, including any appeal and retrial.  Disclosure or dissemination outside of this Litigation and/or contrary to the terms of this Order is strictly prohibited.

16. **Exclusion of Individuals from Depositions**: Whenever Protected Material is to be disclosed in a deposition, the designating party may exclude from the room any person, other than persons designated in Sections 11 and 12, as appropriate, for that portion of the deposition. If Protected Material is to be disclosed in a judicial proceeding, the parties will endeavor to meet and confer in good faith and in advance about steps that can be taken, if any, to limit the disclosure of Protected Material.

17. **Storage of Confidential Material or Highly Confidential Material**: The recipient of any Confidential Material or Highly Confidential Material that is provided under this Order shall maintain such information in a reasonably secure and safe manner that satisfies the data security requirements of Section 28, *supra*, for electronically stored information, shall ensure that access is limited to the persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

18. **Filing of Confidential Material or Highly Confidential Material**: The following procedures apply provided they do not conflict with applicable rules and orders of the Court. If Protected Material is contained in documents that a designated party seeks to file with the Court, that party shall file a motion to file under seal, pursuant to FRCP 5.2 or local rules where applicable, the relevant excerpts constituting Protected Material within such documents shall be filed under seal and marked as follows or in substantially similar form:

    18.1    CONFIDENTIAL

             IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SECTION 11 OF THE PROTECTIVE ORDER.

             *or*

    18.2    HIGHLY CONFIDENTIAL

IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS HIGHLY CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN SECTION 12 OF THE PROTECTIVE ORDER.

19. If a party is filing a document that it has itself designated as "Confidential" or "Highly Confidential," that party shall reference this Order in submitting the documents it proposes to maintain under seal. If a non-designating party seeks to refer to, summarize, quote from, or attach a Confidential or Highly Confidential document to any court filing, a meet and confer is required before that information is disclosed in any court document or filing. Subsequent and pursuant to the meet and confer to discuss the Protected Documents intended to be filed by a non-designating party, and subject to agreement on the document to be filed, then the non-designating party shall file the document under seal.

20. **Challenging Designation of Materials**: A party shall not be obligated to challenge the propriety of a Confidential Material or Highly Confidential Material designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

20.1 **Challenge**: If a Receiving Party disagrees with the propriety of the Producing or Designating Party's designation of any document(s) or other discovery materials under this Order, counsel for the Receiving Party shall serve written notice upon the Producing or Designating Party's counsel, specifying the document(s) in question by bates number or other specific identifier.

20.2 **Meet and Confer and Motion**: Upon receipt of written notice challenging the designation of any Protected Document(s), the parties shall meet and confer within 30 days to attempt to reach an agreement on the designation of the document(s) in question. If an agreement cannot be reached between the parties concerning the propriety of the designation, the Producing or

Designating Party shall file a motion seeking Court adjudication of the propriety of the designation under applicable court rules or statutes.

20.3  **Status of Challenged Designation Pending Judicial Determination**: Any such document or documents shall at all times continue to be treated as designated by the designating party subject to this Order until such motion has been decided.

21.  **No Application to Public or Otherwise Available Information**: This Order shall not limit or restrict a Receiving Party's use of information that the Receiving Party can demonstrate: (i) was lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential Material in the Litigation and that the Receiving Party is not otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of Confidential or Highly Confidential Material from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iii) was independently developed by it after the time of disclosure by personnel who did not have access to the Producing or Designating Party's Confidential or Highly Confidential Material; or (iv) has been independently published to the general public, and relevant Data Protection Laws do not apply. If the Receiving Party believes that the Disclosing Party has designated information that is covered by any of the preceding categories as Confidential Material or Highly Confidential Material, the Receiving Party may challenge the propriety of such designation using the procedure outlined in Section 19 above. Any challenged designation remains in force until the propriety of such designation has been decided as outlined above. This Order shall not limit or restrict GM's use of documents or production of documents it is required to produce by legal process in other matters.  Further, this Order shall not require the production of documents that GM is prohibited by court order from producing in another matter**.**

22.  **No Waiver of Privilege (FRE 502(d))**: The production of privileged or work-product protected documents, electronically stored information ("ESI"), or any other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this Litigation or in any other federal or state proceeding. This order shall be interpreted to provide

the maximum protection allowed by Federal Rule of Evidence 502(d). The provisions of Federal Rule of Evidence 502(b) are inapplicable to the production of Protected Information under this Order.

23. **Effect of Disclosure of Privileged Information (FRCP 26(b)(5)(B) and FRE 502(e))**: Pursuant to Federal Rule Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by Designating or Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Designating or Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the party would be entitled in the Litigation or any other federal or state proceeding.

24. **Order Remains in Force**: This Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered, or agreed upon by the parties, this Order shall survive the termination of this Litigation. The Court retains jurisdiction even after termination of this Litigation to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate.

25. **No Waiver of Grounds for Producing Material**: This Order shall not be construed to limit a party's right or require a party to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

26. **No Loss of Confidential or Highly Confidential Status by Use in Litigation or Appeal**: If any Confidential or Highly Confidential Material is used in any court proceeding in this Litigation or any appeal therefrom, such Confidential or Highly Confidential Material shall not lose its status as Confidential or Highly Confidential through such use, regardless of

whether it has been lawfully placed on the public record in connection with this Litigation. Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the court room.

27. **Confidential or Highly Confidential Material Subpoenaed or Ordered Produced in Other Actions**: If any person receiving or otherwise in possession, custody, or control of documents or material governed by this Order (the "Receiver") is served with a subpoena, order, interrogatory, document request, or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Material or Highly Confidential Material by someone other than the Receiver, the Receiver shall give prompt written notice by email within ten (10) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material or Highly Confidential Material, and shall object to and refrain from the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material or Highly Confidential Material. Unless the party or non-party who produced or designated the Confidential Material or Highly Confidential Material seeks an order directing that the Demand not be complied with, and serves such request upon the Receiver prior to production pursuant to the Demand, the Receiver shall be permitted to produce documents responsive to the Demand on the Demand response date. If, however, a party seeks such an order, the Receiving Party will not produce documents responsive to the Demand until a court of competent jurisdiction resolves the dispute or the parties otherwise agree that the production can be made. The Receiver will ensure that Confidential Material or Highly Confidential Material is adequately secured during transfer and will include with the production a copy of this Order. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

28. **Redaction Allowed**: Any Producing or Designating Party may redact from the documents and materials it produces information that the Producing or Designating Party claims is

subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing or Designating Party shall mark each thing where information has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., privilege, confidential, highly confidential, etc.), as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing or Designating Party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Data:

 28.1 Any party may redact Protected Data as defined in Section 5 that it claims, in good faith, requires protection under the terms of this Order.

 28.2 Protected Data shall be redacted from any public filing not filed under seal.

 28.3 The right to challenge and process for challenging the designation of redactions shall be the same as the right to challenge and process for challenging the designation of Confidential Material and Highly Confidential Material as set forth in Section 19.

29. **Data Security**: Any person in possession of Confidential Material or Highly Confidential Material shall maintain a written information security program that includes reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such Confidential Material or Highly Confidential Material, protect against any reasonably anticipated threats or hazards to the security of such Confidential Material or Highly Confidential Material, and protect against unauthorized access to Confidential Material or Highly Confidential Material. To the extent a party or person does not have an information security program, they may comply with this provision by having the Confidential Material or Highly Confidential Material managed by and/or stored with eDiscovery vendors or claims administrators that maintain such an information security program. If a Receiving Party or Authorized Recipient discovers any loss of Confidential Material or Highly Confidential Material or a breach of security, including any potential or suspected unauthorized access, relating to another party's Confidential Material or Highly Confidential Material, the

Receiving Party or Authorized Recipient shall: (1) immediately provide written notice to the Producing or Designating Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing or Designating Party with assurances reasonably satisfactory to the Producing or Designating Party that such breach shall not recur; and (3) provide sufficient information about the breach that the Producing or Designating Party can reasonably ascertain the size and scope of the breach. The Receiving Party or Authorized Recipient agrees to cooperate with the Producing or Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access.

30. **End-of-Matter Data Disposition**: Upon final resolution of this Litigation the Parties will certify that a good-faith effort has been made that all Confidential Material and/or Highly Confidential Material has been returned to the Producing or Designating Party and/or been destroyed in a secure manner, at the discretion and direction of the Producing or Designating Party. If a party elects to destroy Confidential Material and/or Highly Confidential Material upon final resolution of this Litigation, that party will provide an affidavit to the Producing or Designation Party attesting to secured destruction.

31. This Order does not preclude a party or its counsel from reporting any alleged safety defect or concerns to the National Highway Traffic Safety Administration ("NHTSA") or any governmental agency with the authority to study public safety issues pertinent to the product at issue. However, a party may not share a Producing Party's Confidential or Highly Confidential documents or other discovery materials with NHTSA or any governmental agency without prior consent of the Producing Party, except as required to comply with a court order. Any request for disclosure of a Producing Party's Confidential or Highly Confidential documents or other discovery materials should be directed to the Producing Party.  The terms of this Protective Order do not preclude GM from providing confidential and/or protected information and documents to the National Highway Traffic Safety Administration ("NHTSA"), either voluntarily or in connection with GM's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 ("Safety

Act"), 49 U.S.C. § 30101, et seq.

32.     **Violations of this Order**: If any person or party should violate the terms of this Order, the aggrieved Producing or Designating Party may apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Order. If the aggrieved Producing or Designating Party seeks injunctive relief, it must petition the Court for such relief, which may be granted at the sole discretion of the Court. The parties and any other person subject to the terms of this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

IT IS SO ORDERED.

Respectfully stipulated to and submitted by,

By: /s/ _____

Estee Lewis, Esq.

*Counsel for Plaintiff*

By: /s/ _____

Samantha H. Ramsey, Esq.

*Counsel for Defendants*

By:  /s/

Philip R. Cosgrove – 92564
Nelson Mullins Riley & Scarborough LLP
19191 S. Vermont Ave., Suite 900
Torrance, CA 90502

*Counsel for Defendant General Motors LLC*

IT IS SO ORDERED:

Dated:  September 2, 2022

_____

\_\_\_\_\_
DENNIS M. COTA
UNITED STATES MAGISTRATE
JUDGE

**STIPULATED PROTECTIVE ORDER**

**EXHIBIT A**

**THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JORDAN ANDERSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>GENERAL MOTORS, LLC; WMK, INC., dba MOBILITY WORKS; FREEDOM MOBILITY, INC.; and JANE or JOHN DOES 1 through 50, Inclusive,<br><br>　　　　Defendants. | Case No.: 2:22-cv-00353-KJM-DMC<br><br>Honorable<br><br>**Agreement Concerning Information**<br><br>**Covered By Stipulated Protective Order** |

　　　　I,_____, hereby acknowledge that I have received a copy of the Stipulated Protective Order entered in the above-captioned action by the United States District Court for the Eastern District of California (hereinafter, the "Protective Order").

　　　　I have either read the Protective Order or have had the terms of the Protective Order explained to me by my attorney.

　　　　I understand the terms of the Protective Order and agree to comply with and to be bound by such terms.

　　　　If I receive documents or information designated as Confidential Material or Highly Confidential Material (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

　　　　I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order. I agree to maintain and abide by the Data Security provisions and End-of-Matter Data Disposition provisions set forth in the Protective Order.

I hereby submit myself to the jurisdiction of the United States District Court for the

_____

District of_____ for resolution of any matters pertaining to the Protective

Order.  My address is _____

My present employer is _____

Dated: _____

Signed: _____

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and I served a copy of the foregoing pleading on all counsel for all parties, via the CM/ECF system and/or mailing same by United States Mail, properly addressed, and first class postage prepaid, to all counsel of record in this matter.

By: */s/ Philp R. Cosgrove*
Philip R. Cosgrove